IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00114-MEH

JESSE DILLON KIRCHNER,

Plaintiff,

v.

JILL MARSHALL,
JUDGE PHILIP JAMES MCNULTY,
MIRIAM STOHS, and
RACHEL A. OLIVER,

Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are Defendants' Motion to Dismiss (ECF 60) and Plaintiff's Motion to Cure Deficiencies and associated motions (ECF 63, 64, 66). All Motions are fully briefed, and the Court finds that oral argument will not materially assist in their adjudication. For the reasons that follow, the Motion to Dismiss is granted and the Motion to Cure Deficiencies and associated motions are denied.

## BACKGROUND

### I.  Alleged Facts

For purposes of this ruling, the Court accepts as true the factual allegations—but not any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in his Amended Complaint (ECF 58) and Complaint (ECF 1). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 18, 2011, Plaintiff was arrested for stabbing his brother in the abdomen and charged with attempted murder and assault. ECF 58 at 2. Judge McNulty presided over his criminal case in Jefferson County District Court. *Id*. at ¶ 7. Defendant Miriam Stohs, Esq. ("Ms. Stohs") of

the Colorado Public Defender represented Plaintiff at the change of plea hearing. *Id*. at ¶¶ 8, 20.

On December 5, 2013, Judge McNulty accepted Plaintiff's guilty plea to the Assault in the Second Degree, Drugging Victim charge. Plaintiff waived the factual basis and right to appeal. It was a "split" plea which permitted the court to find him not guilty of the Assault in the First Degree charge by reason of insanity. Judge McNulty sentenced Plaintiff to four years' incarceration. After finishing his sentence, he was committed to the Colorado Mental Health Institute in Pueblo ("CMHIP") until restored to sanity. *Id*. at ¶¶ 13–15.

On April 25, 2018, CMHIP's Chief Executive Officer filed a "Notice of Temporary Physical Removal for Treatment and Rehabilitation—Increase to Supervised." On May 7, 2018, Deputy State Public Defender Garen Gervey appeared on Plaintiff's behalf. *Id*. at ¶ 19.

On May 17, 2018, Plaintiff filed a pro se Rule 35 Petition for Post-Conviction Relief, arguing that his "split" plea agreement violated the Double Jeopardy clause, violated his due process and equal protection rights, and constituted cruel and unusual punishment. *Id*. at ¶ 22. Plaintiff's filing of that petition caused Mr. Gervey on July 11, 2018 to withdraw his representation. The petition created a conflict of interest because a fellow public defender (Ms. Stohs) had represented Plaintiff at the change of plea hearing. *Id*. at ¶ 20. On July 25, 2018, Rachel Oliver took over Plaintiff's representation as Alternate Defense Counsel ("ADC"). *Id*. at ¶ 26.

The court set CMHIP's privilege increase notice for a hearing on September 10, 2018. *Id*. at ¶ 29. The court later vacated that hearing after the prosecutor withdrew her objection to it. *Id*. at ¶ 30.

On July 19, 2018, Judge McNulty denied Plaintiff's Rule 35 Petition. *Id*. at ¶ 24. On August 16, 2018, Plaintiff filed a pro se motion for reconsideration. *Id*. at ¶ 27. On August 29, 2018, Margaret Baker took over Plaintiff's representation from Rachel Oliver, because Ms. Oliver had

worked in the same office with Ms. Stohs and Mr. Gervey. *Id.* at ¶ 28. Judge McNulty denied Plaintiff's motion for reconsideration, because it was a pro se filing from a represented litigant. *Id.* at ¶ 31. Ms. Baker may not have timely appealed the July 19, 2018 denial of Plaintiff's Rule 35 Petition. *Id.* Robin M. Lerg was appointed Plaintiff's ADC counsel for the appeal and filed an opening brief. *Id.* at ¶ 33.

## II.     Claims for Relief

Plaintiff challenges his present civil commitment and the underlying conviction. He asserts his innocence, and he denies probable cause to support his arrest or a factual basis to support the offense. He challenges the legality of his "split" plea agreement and invokes the right to a jury trial. He complains that his defense counsel was ineffective and that his family contributed to the outcome. Lastly, he contests the basis of his civil commitment, not only for the lack of a doctor's finding of insanity but also because it is double punishment, redundant to the term of incarceration that he already served. He complains that CMHIP has not assisted with his release.

He expresses this challenge through eight claims for relief brought pursuant to 42 U.S.C. § 1983. In his initial complaint (ECF 1), he claims (1) false arrest in violation of the Fourth Amendment; (2) double jeopardy in violation of the Fifth Amendment; (3) ineffective assistance of counsel in violation of the Sixth Amendment; (4) cruel and unusual punishment in violation of the Eighth Amendment; (5) denial of equal protection in violation of the Fourteenth Amendment; (6) criminal acts including kidnapping; and (7) negligence and/or denial of procedural due process ("state inaction") in violation of the Fourteenth Amendment. In his Amended Complaint (ECF 58), he adds a claim of kidnapping in violation of federal criminal law, 18 U.S.C. § 1201, as his eighth claim.

Plaintiff asks for monetary damages, declaratory judgment, and prospective injunction.

Through those different forms of relief, he seeks the same result: to have his conviction and sentence vacated and to be released from civil commitment.

## II.     Procedural History

In its previous Order (ECF 53), the Court discussed the history of the case through August 10, 2020. The Court also gave a thorough legal analysis of Plaintiff's claims for relief, finding no basis by which he could proceed on them. However, the Court gave Plaintiff leave to amend if he could cure the deficiencies.

However, in his Amended Complaint (ECF 58), Plaintiff does not re-plead his claims for relief to correct for the defects that the Court identified. The only pleading change he made was to add an eighth claim for federal kidnapping. Instead, he used the Amended Complaint to add legal arguments to support the viability of his existing claims.

After Defendants renewed their Motion to Dismiss, Plaintiff filed his Motion to Cure Deficiencies (ECF 63) through which he submits a Supplemental Complaint. In it, he adds a ninth claim of relief, for medical malpractice, regarding wisdom teeth extraction surgery that was performed on October 29, 2020.

## **LEGAL STANDARDS**

### I.     Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (recognizing federal courts are courts of limited jurisdiction and "there is a presumption against our jurisdiction"). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent

that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A motion to dismiss under Rule 12(b) "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Plaintiff bears the burden of establishing that this Court has jurisdiction to hear his claims. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th 1995).

> First, a facial attack on the complaint's allegations as to subject-matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002–03 (citations omitted); *see also Pueblo of Jemez*, 790 F.3d at 1148 n.4. Defendants' Motion makes a facial attack.

**II.   Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that a plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly*

5

requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require a plaintiff to establish a prima facie case in a complaint, the elements of each cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556

U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

### III. Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. The Tenth Circuit interprets this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That does not mean, however, that a court should "assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded" (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989))). The court may "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

## ANALYSIS

### I. Judicial Immunity

To determine whether officials are eligible for absolute immunity for a particular function, courts look for a historical or common law basis for that immunity. *Mitchell v. Forsythe*, 472 U.S. 511, 521 (1985). Courts have long extended immunity to judges acting in their official capacities. *Bradley v. Fisher*, 80 U.S. 335, 351 (1872). Recognizing that it is a "general principle of the highest

importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon its own convictions, without apprehension of personal consequence," *id.* at 347, the Supreme Court held that "judges of courts of superior or general jurisdictions are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly," *id.* at 351.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he had acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley*, 80 U.S. at 351). "The Supreme Court has recognized only two exceptions to this immunity from suit: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;' and (2) 'a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.'" *Hicks v. Blythe*, 105 F.3d 669 (10th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they deal with the judge in his judicial capacity." *Stump*, 435 U.S. at 360.

Judge McNulty presided over Plaintiff's criminal case at the trial level. ECF 1 at ¶ 7. Judge McNulty also denied his Rule 35(c) Petition. *Id*. at ¶ 24. Plaintiff includes him as a Defendant in this lawsuit where he challenges the outcome of the criminal case. However, Judge McNulty is absolutely immune for actions he took in his role as the presiding judge. *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008) (explaining how absolute judicial immunity shields a judge from lawsuit whether it is for monetary damages or injunctive relief); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Therefore, he is dismissed with prejudice.

## II. Eleventh Amendment Sovereign Immunity

Plaintiff sues Defendants in their official capacities, which in effect is a lawsuit against their state offices. Consequently, as the Court explained in its previous Order, Defendants have sovereign immunity from this lawsuit pursuant to the Eleventh Amendment. ECF 53 at 19. The *Ex parte Young* doctrine provides an exception if a plaintiff is suing a state official for prospective injunctive relief. *Harp*, 2012 WL 1885108 at *2. However, all of Plaintiff's claims, even those styled as injunctions, seek in essence relief from the already rendered criminal conviction and sentence. Thus, the Eleventh Amendment immunity still applies. *Buchwald v. Univ. of New Mexico*, 159 F.3d 487, 493-94 (10th Cir. 1998).

Consequently, the Court lacks subject matter jurisdiction to hear Plaintiff's claims for relief, and for that reason, the Court dismisses them without prejudice under Rule 12(b)(1).

## III. Abstention

Plaintiff's challenge to the outcome of his state criminal case raises an additional jurisdiction defect. If his state criminal case has concluded, then the *Rooker-Feldman* doctrine drawn from the *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S.462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) cases is at issue. The *Rooker-Feldman* doctrine prevents a federal district court from hearing claims that either were at issue before the state court or that are inextricably intertwined with the state court's ruling. The doctrine applies if a favorable ruling in the federal lawsuit requires finding the state court's ruling to be wrong or would render it ineffectual. *Crone v. Dep't of Hum. Servs.*, No. 11-cv-02270-WJM-CBS, 2012 WL 5832438, at *2-3 (D. Colo. Oct. 5, 2012). In other words, Plaintiff may not appeal the state court's ruling to this federal district court. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233–34 (10th Cir. 2006); *Davis v. Schnurr*, 818 F. App'x 852 (10th Cir. 2020). To the extent Plaintiff is using this federal

lawsuit to obtain relief from his state court conviction and sentence, this Court lacks subject matter jurisdiction, and his claims are dismissed without prejudice pursuant to Rule 12(b)(1). *Crone*, 2012 WL 5832438 at *9.

There still may be hearings for the state court to do, such a disposition hearing to determine whether Plaintiff may be released from civil commitment. If that means the possibility of ongoing proceedings, then the doctrine of *Younger* abstention from *Younger v. Harris*, 401 U.S. 37 (1971) applies. *Younger* abstention precludes a federal court from intruding into an ongoing state criminal prosecution, certain civil enforcement proceedings, or civil proceedings that involve certain orders uniquely in furtherance of the state court's ability to perform its judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).

These abstention principles also compel the dismissal of Plaintiff's claims for lack of subject matter jurisdiction.

**IV.     The *Heck* Bar**

A third limit on Plaintiff's ability to obtain the relief that he seeks arise from *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court "held that a state prisoner may not recover damages under § 1983 if a favorable judgment would necessarily imply the invalidity of his conviction." *Williams v. Weber Cty.*, 562 F. App'x 621, 622 (10th Cir. 2014). This federal lawsuit has such an effect. Plaintiff was convicted on the basis of a guilty plea. A guilty plea "is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial–a waiver of his right to trial before a jury or judge." *United States v. Wright*, 43 F.3d 491, 495 (10th Cir. 1994) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Prevailing on his Section 1983 claims would call the validity of his guilty plea and conviction into doubt. This includes his Section 1983 claims against his defense attorneys because

prevailing on his other claims would imply the ineffectiveness of their assistance. *Williams*, 562 F. App'x at 624. Thus, the *Heck* bar provides an additional reason to dismiss Plaintiffs' Section 1983 claims.

Indeed, as a general matter, Section 1983 may not be used to challenge the fact and duration of confinement. Habeas corpus provides the only available means to do that, *Boutwell v. Keating*, 399 F.3d 1203,1208-09 (10th Cir. 2005), which he already has pursued in separate proceedings. ECF 1 at ¶ 52; ECF 53 at 9–10. Because Plaintiff's claims are not cognizable under Section 1983, they are subject to dismissal pursuant to Rule 12(b)(6). *Id.* at 1216.

## V. Section 1983 Claims Against the Defense Attorneys

"Section 1983 permits suits against persons who, acting under the color of state law, deprive a United States citizen of his constitutional rights." *Id.* at 1208. It follows that a prerequisite to any relief under Section 1983 is a defendant who is a state actor. *Nagy v. Spence*, 172 F. App'x 847, 848 (10th Cir. 2006) (finding that plaintiff failed to state a Section 1983 claim against a private attorney for refusing to represent him in a civil lawsuit). Plaintiff alleges that both Ms. Stohs and Ms. Oliver were public defenders who represented him at different stages in his criminal case and whose services were limited to a public defender's traditional functions. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Therefore, Plaintiff does not state a plausible Section 1983 claim against these two Defendants.

Plaintiff's claim against Ms. Stohs has an additional defect: untimeliness. Ms. Stohs represented him in December 2013, at the time of the plea agreement. Even if he had an otherwise cognizable Section 1983 claim against her, he raises it after the statute of limitations, which for a

Section 1983 claim is two years. *Canfield v. Douglas Cnty.*, 619 F. App'x 774, 777 (10th Cir. 2015).

Because Plaintiff does not plead a plausible Section 1983 claim against Ms. Stohs or Ms. Oliver, it is dismissed pursuant to Rule 12(b)(6).

## VI.     Section 1983 Claims Against Superintendent Marshall

Plaintiff sues Jill Marshall in her official capacity as CMHIP Superintendent. As the Court explains above, a lawsuit against an individual in her official capacity is in effect a lawsuit against the office. *Schwartz*, 2011 WL 1843309 at *6. As such, Plaintiff's lawsuit is against CMHIP itself. Because CMHIP is an arm of the state, it has Eleventh Amendment immunity. *Harp v. Colo. Mental Health Inst.*, No. 11-cv-01972-PAB-CBS, 2012 WL 1885108, at *3 (D. Colo. March 9, 2012) (citing *Jenkins v. Colo. Mental Health Inst.*, 215 F.3d 1337 (10th Cir. 2000)). The Eleventh Amendment protects CMHIP from being sued in federal court for damages or prospective injunctive relief, and therefore, it is dismissed as a party. *Balka v. Crone*, No. 06-cv-01815-BNB, 2007 WL 390224, at *2 (D. Colo. Feb. 1, 2007).

The *Ex parte Young* doctrine provides an exception if a plaintiff sues a state official for prospective injunctive relief. *Harp*, 2012 WL 1885108 at *2 (discussing *Ex parte Young*, 209 U.S. 123 (1908)). However, the state official defendant must have relevant authority, which Superintendent Marshall lacks because she is not charged with enforcing Plaintiff's sentence. *Doe v. Univ. of Colo.*, 255 F. Supp. 3d 1064, 1082 (D. Colo. 2017).

Superintendent Marshall also has state sovereign immunity protection under Colo. Rev. Stat. § 24-10-105. Plaintiff concedes that at least for purposes of this lawsuit, he did not comply with the notice requirement of Colo. Rev. Stat. § 24-10-109(1). ECF 65 at 5.

Both forms of immunity mean that the Court lacks subject matter jurisdiction to hear

Plaintiff's claims against her. Additionally, Plaintiff does not plead a plausible procedural due process violation against her. ECF 53 at 28–29.

## VII. Kidnapping

Plaintiff claims kidnapping in violation of both state criminal statute, Colo. Rev. Stat. § 18-3-301, and federal criminal statute, 18 U.S.C. § 42. Neither claim is viable because, as the Court already found, they are not private causes of action. ECF 53 at 12–13. Therefore, the Court dismisses both kidnapping-based claims pursuant to Rule 12(b)(6). Moreover, Plaintiff's kidnapping claims essentially restate his objection to his current detention, but as the Court explains above, he states no legally viable cause of action under civil law.

## VIII. Leave to Amend Existing Claims

Dismissal of a case is a harsh remedy, and a pro se litigant's pleadings are to be construed liberally. As a general rule, therefore, the Court may give such a litigant the opportunity to amend the complaint to cure a pleading defect. *Hall*, 935 F.2d at 1109–10; *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). However, a court may dismiss a complaint without an opportunity to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110). Leave to amend is not warranted here given the nature of the defects. It would be futile to grant Plaintiff leave to file a second amended complaint. *Curley*, 246 F.3d at 1281–82; *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014).

## IX. Leave to Raise a New Claim

Although titled a Motion to Cure Deficiencies, Plaintiff does not seek to re-plead any of his existing claims. Instead, he seeks to add an entirely new claim for relief. In the Supplemental

Complaint that he attaches to it, Plaintiff alleges that on October 15, 2020, he saw Dr. Hurtado for tooth pain. Dr. Hurtado referred Plaintiff to Dr. Reck for extraction of his two bottom wisdom teeth. The surgery was performed on October 29, 2020. ECF 63-2 at 3-4. Someone took an x-ray and told him that his wisdom teeth were growing in horizontally and would damage his other teeth if not removed. Two hours later, a surgeon came in and sedated him. Plaintiff complains that the surgeon did not explain the procedure to him before performing it. After the surgery, the surgeon told him that permanent bone damage had been done. Plaintiff alleges that the referring dentist, Dr. Hurtado, and the dental surgeon, Dr. Reck, are the same person. *Id.* at 8-9. Plaintiff initially experienced significant swelling and pain after the procedure, but he also alleges damage to his jaw and mouth. *Id.* at 9.

Based on that oral surgery event, Plaintiff asserts as his ninth cause of action a claim of medical malpractice against Dr. Hurtado and Dr. Reck. Neither is party to this lawsuit. Although not raised in a separate count, Plaintiff also raises a "state inaction" theory (consisting of a due process claim and negligence (duty to prevent) claim) against Superintendent Marshall, the same cause of action that he raised against her in his initial complaint.

She and the other named Defendants oppose Plaintiff's attempt to litigate the new claims in this case. ECF 68. Plaintiff concedes that he "is unsure of the exact procedure" to add the two dentists as defendants to the already existing lawsuit. ECF 63 at 2.

Rule 15(d) permits a plaintiff to supplement a pleading to include "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The event at issue, the October 29, 2020 surgery, happened after the filing of the Amended Complaint and well after the events that underlie it. However, the new claims concern a different subject matter unrelated to the prior claims. Therefore, Rule 15(d) is unavailable. *Georgacarakos v. Wiley*, No.

07-cv-01712-MSK-MEH, 2009 WL 440934 (D. Colo. Feb. 23, 2009) (finding plaintiff's request to add a new claim, involving new facts, and a new defendant to implicate Rule 20(a) and not Rule 15(d)). The Court considers next whether Rule 18(a) permits joinder of the new claims and whether Rule 20(a) which permits joinder of the dentists as new defendants. Both rules permit joinder only if the claims arise out of the same incident and share factual or legal questions with the prior claims. Plaintiff's proposed Supplemental Complaint presents the opposite situation of wholly unrelated claims involving new parties concerning different factual and legal issues. Therefore, joinder is unavailable as well. *Koehn v. Denham*, No. 17-cv-00234-RM-KMT, 2017 WL 11488634, at *1-2 (D. Colo. Oct. 10, 2017) (discussing the Rule 18 and Rule 20 joinder rules). It is true that Superintendent Marshall already is a Defendant in this lawsuit and Plaintiff repeats the same "state inaction" cause of action theory against her. However, that previously raised claim concerns an entirely different matter, unrelated to his recent dental surgery. Because Plaintiff "describes a whole new set of allegations that are unrelated to the operative Complaint," ECF 68 at 1, he must raise the new claims against her and the dentists in a separate lawsuit.

Plaintiff also states a practical reason for wanting to litigate them in this lawsuit: to avoid paying another filing fee and to reduce service of process expense. ECF 63 at 2. However, the rules do not permit joinder for that reason. He may re-file his Application to Proceed in District Court Without Prepaying Fees or Costs (ECF 64) in the new lawsuit to see if he qualifies for relief in that regard. Likewise, his Motion for Court Appointed Counsel (ECF 66) must be determined within the context of that new lawsuit. Plaintiff files both of those Motions in conjunction with his proposed Supplemental Complaint. The Court denies them as moot and without prejudice to refile.

## CONCLUSION

The law limits a federal court's ability to hear a challenge to a state court's criminal

conviction and sentence. Several different legal principles bar this federal court from providing Plaintiff the relief he seeks. The Court lacks subject matter jurisdiction over the claims; the Defendants are immune from suit; and Plaintiff otherwise does not state plausible claims.

Accordingly, for the above reasons, Defendants' Motion to Dismiss [filed November 3, 2020; ECF 60] is **granted**. The Court dismisses without prejudice Plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). To the extent no immunity or abstention principle precludes the Court's jurisdiction over Plaintiff's ineffective assistance of counsel and kidnapping claims, the Court dismisses them pursuant to Rule 12(b)(6) for the failure to plead them plausibly. The dismissal is without leave to amend.

Plaintiff's Motion to Cure Deficiencies [filed November 19, 2020; ECF 63] is **denied**. Rather than in the Supplemental Complaint filed in this lawsuit, Plaintiff shall raise those claims in a new complaint in a separate lawsuit. His Application to Proceed in District Court Without Prepaying Fees or Costs [filed November 19, 2020; ECF 64] and Motion for Court Appointed Counsel [filed November 19, 2020; ECF 66] are **denied as moot** and without prejudice to refiling them in the new lawsuit.

The Clerk of the Court shall close this case.

SO ORDERED.

Dated at Denver, Colorado, this 25th day of January, 2021.

                BY THE COURT:

                *Michael E. Hegarty*

                Michael E. Hegarty
                United States Magistrate Judge